UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21815-CIV-ALTONAGA/Damian

**DUANE HINES**,

    Plaintiffs,

v.

**PUBLIX SUPER MARKETS, INC.**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, Publix Super Markets, Inc.'s Motion to Dismiss [ECF No. 5], filed on May 22, 2023. Plaintiff, Duane Hines, filed a Response [ECF No. 11], to which Defendant filed a Reply [ECF No. 12]. The Court has carefully considered the Complaint (*see* State Court Compl. & Filings [ECF No. 1-1] 4–13),[1] the parties' written submissions, and applicable law. For the following reasons, the Motion is denied.

**I. BACKGROUND**

This case arises from alleged race discrimination and wrongful adverse employment actions taken against Plaintiff by Defendant. (*See generally* Compl.). Plaintiff, who is of an unidentified minority race (*see id.* ¶ 9), began working for Defendant on September 19, 1995 (*see id.* ¶ 7). He was promoted to Assistant Meat Manager on January 23, 2003. (*See id.* ¶ 8). Since then, he has not been promoted further and has been "continually overlooked" by Defendant, despite his "time and effort" at work. (*Id.* ¶ 9).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

According to Plaintiff, Defendant has a policy of "promot[ing] from within to fill all Store Manager and most Department Manager positions. External candidates with extensive experience may be hired into positions leading to management, making them eligible to be considered for management positions in as little as six months." (*Id*. ¶ 10 (alteration added)). Yet, Defendant "violated its own policy" on multiple occasions and "failed to consider Plaintiff for promotions due to his race." (*Id*. ¶ 13). For example, Defendant hired external and non-minority applicants directly into positions of management — as opposed to internal, qualified, and available existing employees such as Plaintiff. (*See id*. ¶ 11). In addition, Defendant hired external, non-minority, and inexperienced associates as full-time employees and gave wages to these new hires greater than those of the existing minority employees in the same positions. (*See id*. ¶ 12).

Plaintiff alleges certain specific instances of conduct where he felt singled out and treated unfairly due to his unidentified race. (*See id*. ¶¶ 14–19; Resp. 2). For example, on January 7, 2021, Plaintiff was wrongfully blamed for the actions of a new associate who failed to adjust the "sell by" dates on various meat products. (Compl. ¶¶ 14–15; *see also* Resp. 2). Later that same month, Plaintiff was unfairly blamed for not properly instructing other employees in Defendant's meat department, resulting in his demotion "to full-time meat cutter" and transfer to another of Defendant's locations. (Compl. ¶¶ 16–18).

According to Plaintiff, due to COVID-19, the new location provided employees with water bottles in the employee breakroom rather than allowing them to use the water fountain. (*See id*. ¶ 20). On February 13, 2021, no water bottles were in the breakroom, so Plaintiff took a bottle from the store's backroom instead. (*See id*. ¶ 21). Plaintiff's supervisor noticed this conduct and sent him home without pay. (*See id*. ¶ 22).

Two weeks later, on February 29, 2021, Defendant terminated Plaintiff's employment. (*See id.* ¶ 23). Defendant provided Plaintiff "a Retail Notice of Discharge" stating he was terminated for "mishandling merchandise and being dishonest during the investigation." (*Id.*). According to Plaintiff, this was pretextual (*see id.* ¶ 24), and he was in fact terminated "[b]ecause of his race" (*id.* ¶ 25 (alteration added)).

The Complaint asserts a single claim for relief: racial discrimination in violation of Title VII of the Civil Rights Act. (*See id.* ¶¶ 26–31). Defendant moves to dismiss the Complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added; quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must "'view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true.'" *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1295–

96 (11th Cir. 2021) (quoting *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007)).

### III.  DISCUSSION

In its five-page Motion, short on legal analysis,[2] Defendant makes several arguments for dismissal of the Complaint.  First, Defendant asserts that Plaintiff fails to state a race discrimination claim because he "does not allege facts that he is a member of a protected class."  (Mot. 3 (citing 42 U.S.C. § 2000e-2)).  Defendant next states that Plaintiff fails to state claims for discriminatory termination and demotion because the facts do not indicate whether Defendant "failed to demote or fire similarly situated employees" — or which employees were even members of Plaintiff's protected class.  (*Id.* 3–4).  Finally, Defendant argues Plaintiff fails to state a *prima facie* discriminatory-failure-to-promote claim because he does not allege what his race is, state that he applied for a promotion, or even identify "what position he sought or when he sought it."  (*Id.* 4 (citation omitted)).  Defendant further contends that the failure-to-promote claim is deficient because it does not "describe the qualifications of the successful candidate or show that [Plaintiff] was as well qualified as the person selected."  (*Id.* (alteration added)).

Plaintiff argues that he has adequately pleaded his claim, because he alleges facts showing Defendant took adverse employment actions against him and raising the inference Defendant did so for discriminatory reasons.  (*See generally* Resp.).

### A.    Failure to State a Claim under Rule 12(b)(6)

***Plaintiff's protected class.***    Defendant insists that Plaintiff cannot state a race discrimination claim without identifying what protected class he is a member of.  (*See* Mot. 3–4; *see also* Compl. ¶ 9 ("Plaintiff is a minority"); *id.* ¶ 26 (Plaintiff is "a member of a protected class

---

[2] The four-page Response is even more lacking in any attempt at legal analysis, completely omitting reference to case citations or the elements of a discrimination claim, and how Plaintiff satisfies his burden.

based upon his race")). But the few cases Defendant identifies do not state that a plaintiff must specify *what* minority group he is a member of in order to state a plausible discrimination claim. (*See* Mot. 3 (citations omitted); Reply 1–2 (citations omitted)).

Typically, "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. . . . [The Court] will not do his research for him." *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) (alterations added; citations omitted). For the reasons explained below, Plaintiff minimally states a claim under Title VII. The Court will not require Plaintiff to plead with additional specificity beyond that which is required to state a claim, especially absent authority provided by Defendant to support the pleading requirement it urges. *See Twombly*, 550 U.S. at 570 (courts may not insist on plaintiffs alleging "specific facts" beyond those necessary to state his claim).

***Factual Allegations Supporting an Inference of Discrimination.*** Defendant argues that Plaintiff's claim should fail, because he does not allege a *prima facie* case of discriminatory termination, demotion, or failure to promote. (*See* Mot. 3–4; Reply 1–2). Some background, missing from the parties' sparse memoranda, appears necessary.

Starting with the text of the statute, Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1) (alteration added). Title VII thus requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin. *See id.* Plaintiff has done so.

5

First, Plaintiff sufficiently alleges that Defendant discriminated against him. "[A]n employer discriminates against an individual by taking a material adverse employment action against him." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (alteration added). An adverse employment action is a "serious and material change in the terms, conditions, or privileges of employment[,]" *Anderson v. United Parcel Serv., Inc.*, 248 F. App'x 97, 100 (11th Cir. 2007) (alteration added; emphasis, citation, and quotation marks omitted); which "has a negative impact on 'the terms, conditions, or privileges of the plaintiff's job in a real and demonstrable way[,]'" *Henderson v. City of Birmingham*, 826 F. App'x 736, 741 (11th Cir. 2020) (alteration added; citations omitted).

"Generally, an adverse employment action requires a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 800 (11th Cir. 2014) (citing *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 (2006)); *see also Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 860 (11th Cir. 2020) ("Tangible employment actions consist of things that affect continued employment or pay — things like terminations, demotions, suspensions without pay, and pay raises or cuts — as well as other things that are similarly significant standing alone." (citations omitted)). "The employee's subjective view of the significance and adversity of the employer's action is not controlling. . . . Rather, the employment action must be materially adverse as viewed by a reasonable person under the same circumstances." *McCone*, 582 F. App'x at 800 (alteration added; citation omitted).

6

As stated, Plaintiff alleges at least three adverse employment actions: failure to promote, demotion, and termination. (*See* Compl. ¶¶ 13, 18, 23). First, Plaintiff alleges that Defendant "failed to consider Plaintiff for promotions due to his race," violating "its own policy regarding external hiring and internal promotions." (*Id.* ¶ 13). A failure to promote is an adverse employment action. *See McCone*, 582 F. App'x at 800. Plaintiff further alleges that in 2021 he was demoted from "Assistant Meat Manager[,]" a position he held since 2003, to "full-time meat cutter," and was "transferred . . . to another Publix location." (Compl. ¶¶ 8, 18 (alterations added)). A demotion is an adverse employment action. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Finally, Plaintiff alleges Defendant terminated his employment on February 29, 2021. (*See* Compl. ¶ 23). Clearly, a termination is an adverse employment action. *See Crawford*, 529 F.3d at 970.

Second, Plaintiff alleges factual matter to support an inference that "racial animus" motivated Defendant's actions. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274 (11th Cir. 2004). To state a plausible Title VII[3] claim for race discrimination, Plaintiff is required to allege that "race was a motivating factor for [] [Defendant's] actions." *Id.* (alterations added).

Ultimately, Plaintiff will be required to *prove* his claim with either "direct or circumstantial evidence of discrimination." *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1288 (11th Cir. 2003) (citation omitted). Plaintiff brings his discrimination claim based on circumstantial evidence; certainly, there are no allegations describing direct evidence of discrimination. (*See generally* Compl.); *see Jones v. Bessemer Carraway Med. Ctr.*, 151 F.3d 1321, 1323 n.11 (11th Cir. 1998)

---

[3] *Jackson* involved a claim under 42 U.S.C. section 1981. *See Jackson*, 372 F.3d at 1269. "The elements of a claim of race discrimination under 42 U.S.C. [section] 1981 are [] the same as a Title VII disparate treatment claim in the employment context." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843, n.11 (11th Cir. 2000) (alterations added; citation omitted).

(noting direct evidence of discrimination in employment cases consists of "evidence, which if believed, proves the existence of the fact in issue without inference or presumption").

Most often, to prove a discrimination claim based on circumstantial evidence, plaintiffs employ the burden-shifting evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of "establishing a prima facie case of racial discrimination." *Id.* Generally, a plaintiff makes out a *prima facie* case of employment discrimination on the basis of race under Title VII "by showing: (1) he was a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside the protected class more favorably." *McCone*, 582 F. App'x at 800 (citation omitted).

The specific requirements for establishing a *prima facie* case also vary depending on the adverse employment action alleged. "In the context of an unlawful demotion claim, [for the third element] the plaintiff must show she was assigned 'significantly different responsibilities' or her employer made a decision that 'caused a significant change in benefits.'" *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1203 (11th Cir. 2013) (alteration added; other alteration adopted; citation omitted). In alleging discriminatory termination, a plaintiff may satisfy the fourth element by showing that similarly-situated employees outside of the protected class were treated differently or by showing that the plaintiff was replaced by "someone outside the protected class[.]" *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1236 (11th Cir. 2004) (alteration added; citation omitted). And for a failure to promote, all the elements of a *prima facie* case, except the first one, are slightly different: a plaintiff must establish: "(1) he is a member of a protected class; (2) he was qualified for and applied for the promotion; (3) he was rejected despite his qualifications; and (4) other employees, who were equally or less qualified but were not members of the protected

class, were promoted." *Sridej*, 361 F. App'x at 34 (citing *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004), *abrogated on other grounds by Lewis*, 918 F.3d at 1218).

Under the *McDonnell Douglas* framework, once a plaintiff proves a *prima facie* case, "the burden then [] shift[s] to the employer to articulate some legitimate, nondiscriminatory reason for the [adverse employment action.]" 411 U.S. at 802 (alterations added). If the defendant provides a legitimate, nondiscriminatory reason the burden shifts back to the plaintiff to show defendant's stated reason for the adverse employment action was in fact pretext. *See id.* at 802–04.

Defendant suggests that Plaintiff is required to *plead* a *prima facie* case to state a claim. (*See* Mot. 3 ("A prima facie claim of discrimination requires that [Plaintiff] plead facts that he is a member of a protected class." (alteration added; citation omitted)); *id.* 4 ("To state a prima facie claim for failure-to-promote, [Plaintiff] must plead . . . ." (alterations added; citation omitted))). This is incorrect.

To state a race-discrimination claim under Title VII, a complaint need only "provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation marks and citations omitted). An employment discrimination plaintiff is not required to plead the elements of a *prima facie* case to survive dismissal. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002); *Surtain*, 789 F.3d at 1246; *Powers v. Sec'y, U.S. Homeland Sec.*, 846 F. App'x 754, 758 (11th Cir. 2021) ("the district court erred in evaluating [plaintiff's] race discrimination claim under the *McDonnell Douglas* framework at the pleading stage." (alteration added)).

"This is because *McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement." *Surtain*, 789 F.3d at 1246; *see also Swierkiewicz*, 534 U.S. at 512 ("Given that the prima facie case operates as a flexible evidentiary standard, it should not

be transposed into a rigid pleading standard for discrimination cases."). Moreover, it is possible — although unlikely here — that Plaintiff may not need to prove his case circumstantially if, during discovery, direct evidence of discrimination is uncovered. *See Swierkiewicz*, 534 U.S. at 511–12.

It bears noting that in a circumstantial case, a plaintiff may establish liability circumstantially without satisfying all the elements of the *McDonnell Douglas* framework. "A plaintiff may raise a reasonable inference of the employer's discriminatory intent through various forms of circumstantial evidence." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (citations omitted). Indeed, at summary judgment, "[a] triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents 'a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" *Id.* (alteration added; citations and footnote call number omitted).

"A 'convincing mosaic' may be shown by evidence that demonstrates, among other things, (1) 'suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn,' (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis*, 934 F.3d at 1185 (alteration adopted; citation omitted). So, even though the elements of a *prima facie* case under *McDonnell Douglas* require Plaintiff to point to a sufficiently similar comparator, the absence of a similarly situated comparator is not necessarily fatal to Plaintiff's case. *See Smith*, 644 F.3d at 1328. If Plaintiff does not need to point to a similarly-situated comparator in order to prevail at trial, certainly he does not need to provide one to state a plausible claim. Defendant's argument to the contrary is wrong. (*See* Mot. 3 (arguing Plaintiff's claim "can raise no inference of

discrimination" because "it is impossible to determine from the Complaint if [Defendant] failed to demote or fire similarly situated employees" (alteration added))).

Taking Plaintiff's allegations as true, Plaintiff pleads just barely enough facts to support a reasonable inference of intentional discrimination. *See Surtain*, 789 F.3d at 1246. Plaintiff alleges that he "witnessed Defendant hire external non-minority candidates directly into management positions, while refusing to promote internal [minority] candidates, such as [himself]." (Compl. ¶ 11 (alterations added)). He further alleges that Defendant did so in violation of its stated policy regarding promotions. (*See id.* ¶ 13). In *Joseph v. Napolitano*, the court found the plaintiff pleaded enough facts to support a reasonable inference of liability where the plaintiff pleaded that he was treated "differently" and the defendant "departed from past practices." No. 11-21468-Civ, 2011 WL 13223689, at *3 (S.D. Fla. July 27, 2011).

Plaintiff also alleges that Defendant took adverse actions against him after he was mistakenly blamed for a new associate's erroneous labeling of meat products. (*See* Compl. ¶¶ 14–19). Even though he was not the one to make the mistake, Plaintiff "corrected the problem" (*id.* ¶ 15), but the District Manager nonetheless demoted and transferred him to another location (*id.* ¶ 18). Plaintiff "felt he was being singled out and treated unfairly by the District Manager due to his race." (*Id.* ¶ 19).

Plaintiff further alleges that Defendant terminated him for pretextual reasons. (*See id.* ¶¶ 20–24). Defendant's reason for terminating Plaintiff was that he "mishandle[d] merchandise and [was] dishonest during the investigation[;]" but according to Plaintiff, he merely "grabbed a water bottle from the backroom" of the store when "the water fountain was out of order" and there were "no water bottles left in the breakroom[.]" (*Id.* ¶¶ 20–24 (alterations added)). Assuming the truth

11

of Plaintiff's allegations, such "harsh disciplinary treatment" may support an inference of unlawful discrimination. *Joseph*, 2011 WL 13223689, at *3.

In sum, the Complaint's factual allegations, taken as true, minimally support a plausible claim of discrimination. "The precise details of the alleged discrimination [— including Plaintiff's race should Defendant not already know it —] may be uncovered through discovery." *Masias v. Redland Christian Migrant Ass'n, Inc.*, No. 10-22016-Civ, 2010 WL 11602010, at *3 (S.D. Fla. Oct. 12, 2010) (alteration added; citation omitted).

### B. The Complaint states one claim for relief.

Defendant asserts and Plaintiff admits that, despite presenting his single claim in one count, Plaintiff intended to state three claims for relief: "(1) discriminatory termination, (2) discriminatory demotion, and (3) discriminatory failure to promote[.]" (Mot. 3 (alteration added); *see also* Resp. 3 ("Defendant's Motion identifies three theories of liability in this case, and therefore has [sic] clear notice of the nature of the claims asserted against it.")). If Plaintiff indeed failed to separate claims for relief in separate counts, then the Complaint would violate Federal Rule of Civil Procedure 10, and the Court would require Plaintiff to replead. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 n.13 (11th Cir. 2015) (Rule 10(b) requires plaintiffs to "present each claim for relief in a separate count" (citation omitted)).

But Plaintiff does not state three different claims in one count. Rather, Plaintiff states one claim of Title VII employment discrimination that involves at least three different alleged adverse employment actions. Requiring Plaintiff to state his one employment discrimination claim across three counts merely because the *prima facie* elements differ based on the adverse employment action alleged is unnecessary; as stated, the *prima facie* elements come from an "evidentiary standard, not a pleading requirement." *Surtain*, 789 F.3d at 1246.

CASE NO. 23-21815-CIV-ALTONAGA/Damian

## IV.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss **[ECF No. 5]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, on the 12th day of July, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record